**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Travis Lamont Gathers, Appellant.

Appellate Case No. 2018-001727

———————————

Appeal From York County
Daniel Dewitt Hall, Circuit Court Judge

———————————

Unpublished Opinion No. 2020-UP-298
Submitted October 1, 2020 – Filed November 4, 2020

———————————

**AFFIRMED**

———————————

Appellate Defender Victor R. Seeger, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jonathan Scott Matthews, both of Columbia; and Solicitor Kevin Scott Brackett, of York, all for Respondent.

———————————

**PER CURIAM:**  Travis Lamont Gathers appeals his conviction of possession of cocaine, arguing the trial court erred in denying his *Batson*[1] motion because the State offered a gender-discriminatory rationale for striking a juror.  At trial, Gathers argued the State's strike was motivated by racial, not gender, discrimination.  Therefore, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2008) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]."); *State v. Prioleau*, 345 S.C. 404, 411-12, 548 S.E.2d 213, 216-17 (2001) (holding that a party may not argue one ground at trial and an alternate ground on appeal); *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) ("The losing party must first try to convince the lower court it has ruled wrongly and then, if that effort fails, convince the appellate court that the lower court erred.  This principle underlies the long-established preservation requirement that the losing party generally must both present his issues and arguments to the lower court and obtain a ruling before an appellate court will review those issues and arguments.").

**AFFIRMED.**[2]

**THOMAS, HILL, and HEWITT, JJ., concur.**

---

[1] *Batson v. Kentucky*, 476 U.S. 79 (1986).
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.